

FILED

APR 2 6 2016

DAVID CREWS, CLERK
BY _____ 
Deputy

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### ABERDEEN DIVISION

**CREDIT ACCEPTANCE CORPORATION**             **PLAINTIFF**

**V.**          **CAUSE NO.** 1:16CV70-SA-DAS

**LAURA LEDBETTER**             **DEFENDANT**

## COMPLAINT

COMES NOW Credit Acceptance Corporation ("Credit Acceptance") by and through its attorneys and files this its Complaint against Defendant Laura Ledbetter, and in support thereof would show unto the Court the following, to-wit:

1. Credit Acceptance is a Michigan corporation with its principal place of business in Michigan. Credit Acceptance is qualified to do business in Mississippi.

2. Laura Ledbetter ("Defendant") is an adult resident citizen of Lowndes County, Mississippi.

3. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. Complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00, based upon the underlying claims. *See Cartwright v. State Farm Mutual Automobile Ins. Co.,* 2014 WL 6959045, at *4 (N.D. Miss. Dec. 8, 2014) ("federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction."); *Taylor v.*

*Ocwen Loan Servicing, LLC,* 2014 WL 280399, at *2 (N.D. Miss. Jan. 24, 2014) (same). This Court also has jurisdiction over this action as the underlying transactions arose through interstate commerce. This Court is further authorized to hear this matter pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA"), which allows a party seeking arbitration to file suit in federal district court.

4. Pursuant to 28 U.S.C. § 1391(a), venue is proper in the Northern District of Mississippi, Aberdeen Division, because a substantial part of the events giving rise to this action occurred in the Northern District of Mississippi, Aberdeen Division and/or Defendant resides in the Aberdeen Division.

5. In conjunction with her purchase and financing of a used 2009 Chevrolet Impala (Vehicle Identification No. 2G1WD57C791199800), Defendant electronically executed a Retail Installment Contract with Global Auto Sales & Brokers, Inc. ("Global Auto") on September 8, 2015. A true and correct copy of the Retail Installment Contract is attached hereto and incorporated herein as Exhibit "A." Defendant authorized her electronic signature on the Retail Installment Contract. A true and correct copy of that authorization is attached hereto and incorporated herein as Exhibit "B." The Retail Installment Contract was subsequently assigned to Credit Acceptance.

6.    The Retail Installment Contract contained an Arbitration Agreement

that provided, in part:

> A "Dispute" is any controversy or claim between You and Us arising
> out of or in any way related to this Contract, including, but not limited
> to, any default under this Contract, the collection of amounts due
> under this Contract, the purchase, sale, delivery, set-up, quality of the
> Vehicle, advertising for the Vehicle or its financing, or any product or
> service included in this Contract. "Dispute" shall have the broadest
> meaning possible, and includes contract claims, and claims based on
> tort, violations of laws, statutes, ordinances or regulations or any other
> legal or equitable theories. . . .
>
> If a Dispute arises, the complaining party shall give the other party a
> written Dispute Notice and a reasonable opportunity, not less than 30
> days, to resolve the Dispute. Any Dispute Notice to You will be sent
> in writing to the address on this Contract (or any updated address You
> subsequently provide to Us). Any Dispute Notice to Us must be sent
> by mail to: Credit Acceptance, Attn: Corporate Legal, 25505 West
> Twelve Mile Road, Suite 3000, Southfield, Michigan 48034-8339 (or
> any updated address We subsequently provide to You). Any Dispute
> Notice You send must give Your Account Number, telephone number
> and address. Any Dispute Notice must explain the nature of the
> Dispute and the relief that is demanded. The complaining party must
> reasonably cooperate in providing any information about the Dispute
> that the other party reasonably requests.
>
> Either You or we may require any Dispute to be arbitrated and may do
> so before or after a lawsuit has been started over the Dispute or with
> respect to other Disputes or counterclaims brought later in the lawsuit.
> If You or We elect to arbitrate a Dispute, this Arbitration Clause
> applies. A Dispute shall be fully resolved by binding arbitration.
> Judgment on the arbitration award may be entered in any court with
> jurisdiction....

*See* Exhibit "A" at 4.

7.    Without ever providing the required "Dispute Notice," Defendant

filed suit against Credit Acceptance on March 22, 2016, in the Circuit Court of

Alcorn County, Civil Action No. CV16-156GA (the "Lawsuit"). A true and correct copy of the Complaint is attached hereto and incorporated herein as Exhibit "C." Defendant alleged that while she purchased the vehicle from Global Auto on September 8, 2015, she "did not sign the Retail Installment Contract" and that she "did [not] agree to any of the items listed therein." Defendant demanded an unlimited and unspecified amount in both actual and punitive damages, and attorney's fees.

8.     Defendant is bound by the Arbitration Agreement as a result of her electronic signature on the Retail Installment Contract. *See* 15 U.S.C. § 7001, *et seq.*, Miss. Code Ann. § 75-12-1, *et seq.*

9.     The Arbitration Agreement is fully applicable to the claims asserted by Defendant in the Lawsuit. Because Credit Acceptance has elected to resolve the Lawsuit through arbitration, Defendant must arbitrate the claims she has asserted in the Lawsuit. Credit Acceptance agrees to participate in arbitration in accordance with the terms of the Arbitration Agreement.

10.     The Arbitration Agreement is expressly applicable to "Disputes," like those Defendant asserted in the Lawsuit. Credit Acceptance hereby seeks to enforce the terms of the Arbitration Agreement and requests an order compelling arbitration and staying the Lawsuit. Credit Acceptance is also prepared to arbitrate

any claims it may have against the Defendant relating to the underlying transaction in accordance with the terms of the Arbitration Agreement.

11.    The Arbitration Agreement is governed by the FAA. As noted in the Arbitration Agreement, the Retail Installment Contract "evidences a transaction in interstate commerce." *See* 9 U.S.C. § 2. Pursuant to the FAA, the Arbitration Agreement is valid and must be enforced.

12.    All issues raised in the Lawsuit relate directly to the use, purchase, condition and/or financing of the subject automobile. The allegations and claims asserted in the Lawsuit are encompassed within the scope of the Arbitration Agreement.

13.    By filing this action, Credit Acceptance hereby asserts its demand for arbitration in accordance with the provisions called for under the Arbitration Agreement.

14.    As a result of Credit Acceptance's election to arbitrate, Defendant is barred from pursuing the Lawsuit and can now only pursue her claims through arbitration.

15.    Pursuant to 9 U.S.C. § 4, Credit Acceptance requests that this Court issue an Order: (a) directing Defendant to proceed with arbitration if she seeks to pursue the Lawsuit against Credit Acceptance; (b) staying and enjoining Defendant from proceeding in the Lawsuit pending arbitration; and/or (c) directing Defendant

to withdraw the Lawsuit and take no further action outside of arbitration with regard to disputes arising under the Arbitration Agreement.

WHEREFORE, PREMISES CONSIDERED, Credit Acceptance prays for judgment as follows:

1.     Compelling Defendant:

(a)     To bring all claims she intends to assert through arbitration as required pursuant to the terms of the Arbitration Agreement;

(b)     Withdraw the Lawsuit; and

(c)     To take no further action outside of arbitration with regard to any claims or controversies covered by the Arbitration Agreement.

2.     Alternatively, staying the Lawsuit pending arbitration.

3.     Staying this proceeding pending the completion of arbitration.

4.     Granting such other and further relief as the Court may find just and equitable.

DATED:  April 25, 2016.

Respectfully submitted,

**CREDIT ACCEPTANCE
CORPORATION**

By: _____
OF COUNSEL

Mark H. Tyson (MSB No. 9893)
Stephen T. Masley (MSB No. 101870)
McGLINCHEY STAFFORD, PLLC
City Centre South, Suite 1100
200 South Lamar Street (Zip–39201)
Post Office Drawer 22949
Jackson, Mississippi 39225-2949
Telephone:   (769) 524-2300
Facsimile:   (769) 524-2333
mtyson@mcglinchey.com
smasley@mcglinchey.com

295479.1

# EXHIBIT "A"

Copy of Electronic Original
Not required to mail or fax this copy to Credit Acceptance

# RETAIL INSTALLMENT CONTRACT

ACCOUNT # 81142722                                          LOT # F8N

| Buyer Name and Address | Co-Buyer Name and Address | Creditor-Seller Name and Address |
|---|---|---|
| LAURA LEDBETTER<br>118 GAYLANE DR<br>COLUMBUS, MS 39702 | N/A | GLOBAL AUTO SALES & BROKERS INC<br>1109 HWY 72 EAST<br>CORINTH, MS 38834 |

"You" and "Your" mean each Buyer above, jointly and severally. "Us" and "We" mean Creditor-Seller and Creditor-Seller's assignee. You may buy the Vehicle described below for cash or credit. The cash price is shown below as the "Cash Price". The credit price is shown below as "Total Sale Price". You have agreed to buy the Vehicle from Us on credit for the Total Sale Price. You acknowledge delivery and acceptance of the Vehicle in good condition and repair. You promise to pay Us all amounts due under this Retail Installment Contract ("Contract"), including the Total Sale Price, in accordance with the payment schedule shown in the Truth in Lending Disclosures below. You also agree to the terms and conditions below (including the Truth in Lending Disclosures) and on the additional pages of this Contract. The Annual Percentage Rate may be negotiable with Us.

| Used | Year and Make<br>2009 Chevrolet | Model and Body Style<br>Impala 4D Sedan | Color<br>WHITE | Vehicle Identification Number<br>2G1WD57C791199800 | Odometer Reading<br>215,595 |
|---|---|---|---|---|---|

## TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of Your credit as a yearly rate.<br>23.99 % | FINANCE CHARGE<br>The dollar amount the credit will cost You.<br>$ 4,547.10 | Amount Financed<br>The amount of credit provided to You or on Your behalf.<br>$ 8,650.50 | Total of Payments<br>The amount You will have paid after You have made all payments as scheduled.<br>$ 13,197.60 | Total Sale Price<br>The total cost of Your purchase on credit, including Your down payment of<br>$ 1,350.00   is<br>$ 14,547.60 |
|---|---|---|---|---|

**Payment Schedule:** Your payment schedule will be:

| No. of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 45 | $ 293.28 | October 08, 2015 and same date of each following month. |

**Security:** You are giving a security interest in the goods or Vehicle being purchased.
**Late Charge:** If a payment is more than 10 days late, You will be charged $5 or 5% of the payment, whichever is less.
**Prepayment:** If You pay off early, You may be entitled to a refund of part of the Finance Charge.
**Additional Information:** Please read this Contract for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

**LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGES CAUSED TO OTHERS IS NOT INCLUDED.**

**PROPERTY INSURANCE:** You must insure the Vehicle securing this Contract. **YOU MAY PURCHASE OR PROVIDE THE INSURANCE THROUGH ANYONE YOU CHOOSE WHO IS REASONABLY ACCEPTABLE TO US.** The collision coverage deductible may not exceed $500.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

USED CAR BUYERS GUIDE. THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.
Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

**ARBITRATION NOTICE:** PLEASE SEE PAGE 4 OF THIS CONTRACT FOR INFORMATION REGARDING THE **ARBITRATION CLAUSE** CONTAINED IN THIS CONTRACT.
**ADDITIONAL TERMS AND CONDITIONS:** THE ADDITIONAL TERMS AND CONDITIONS, INCLUDING THE **ARBITRATION CLAUSE** SET FORTH ON THE ADDITIONAL PAGES OF THIS CONTRACT ARE A PART OF THIS CONTRACT AND ARE INCORPORATED HEREIN BY REFERENCE.

Sign ➡ Buyer's Initials _____ LL

Buyer's Initials _____

MISSISSIPPI CREDIT ACCEPTANCE CORPORATION (06-12)
© 2012 Credit Acceptance Corporation.
All Rights Reserved.                    PAGE 1 of 5

The original retail installment contract is assigned to Credit Acceptance Corporation.
This copy was created on 09/08/2015

Copy of Electronic Original
Not required to mail or fax this copy to Credit Acceptance

## ITEMIZATION OF AMOUNT FINANCED

1. **Cash Price** (including accessories and improvements to the Vehicle) .................................................... $ _8,655.00_ (1)
2. Sales Tax ............................................................................................................................................ $ _445.50_ (2)

3. Down-Payment Calculation: **Cash Down Payment** ........................... $ _1,350.00_ (A)
   Trade-In Description: Gross Trade-In ............ $ _N/A_ (B)
   Make: _N/A_
   Model: _N/A_  Payoff Made by Seller  $ _N/A_ (C)
   Net Trade-In (If negative number, Insert "0" in line 3(D) and itemize below in 5(E) below) (B-C) $ _0.00_ (D)
   **Total Down Payment** .......................................... (A + D) $ _1,350.00_ (3)

4. **Unpaid Balance of Cash Price** (1+ 2 less 3) ...................................................................................... $ _7,750.50_ (4)
5. Other Charges Including Amounts Paid to Others on Your Behalf:
   *(NOTICE: A portion of these charges may be paid to or retained by Us.)
   A. *Cost of Required Physical Damage Insurance Paid to Insurance Company ................. $ _N/A_ (A)
   B. *Cost of Optional Extended Warranty or Service Contract Paid to the Company named below ........ $ _N/A_ (B)
   C. Cost of Fees Paid  to Public Officials for Filing, Recording & Perfecting Security Interest in Vehicle  $ _N/A_ (C)
   D. Cost of Fees Paid to Public Officials for Certificate of Title, License and Registration ...................... $ _15.00_ (D)
   Other Charges (Seller must identify who will receive payment and describe purpose)
   E. to _N/A_ for lien or lease payoff ........................... $ _N/A_ (E)
   F. *to _Western Diversified Services, Inc._ for Optional GAP Protection .............................. $ _630.00_ (F)
   G. *to _THE SELLER_ for _Global Auto Sales & Brokers, Inc_ $ _255.00_ (G)
   H. *to _N/A_ for _N/A_ ........................ $ _N/A_ (H)
   I. *to _N/A_ for _N/A_ ........................ $ _N/A_ (I)
   J. *to _N/A_ for _N/A_ ........................ $ _N/A_ (J)
   Total of Other Charges and Amounts Paid to Others on Your Behalf ............................................. $ _900.00_ (5)
6. Less Prepaid Finance Charge .................................................................................................... $ _N/A_ (6)
7. **Amount Financed - Unpaid Balance** (4 + 5 less 6) ........................................................................... $ _8,650.50_ (7)
8. Finance Charge .......................................................................................................................... $ _4,547.10_ (8)
9. Total of Payments - Time Balance (7 + 8) ........................................................................................ $ _13,197.60_ (9)

**OPTIONAL EXTENDED WARRANTY OR SERVICE CONTRACT:** Although You are not required to purchase an optional extended warranty or service contract as a condition of purchasing this Vehicle on credit, by initialing below You are indicating that You voluntarily elect to buy an optional extended warranty or service contract covering the repair of certain major mechanical breakdowns of the Vehicle and related expenses. Refer to the optional extended warranty or service contract for details about coverage and duration.

Price $ _N/A_  Term: _N/A_  Company: _N/A_
****NOT PURCHASED - DO NOT SIGN****

| Buyer's Signature | Date | Buyer's Signature | Date |
|---|---|---|---|

**GAP PROTECTION: Optional Guaranteed Auto Protection (GAP)** is not required to obtain credit. GAP protection will not be provided under this Contract unless You sign for it below and agree to pay the additional cost shown below and on Line 5F of the ITEMIZATION OF AMOUNT FINANCED. You may obtain optional GAP protection from a person of Your choice that is authorized to sell such coverage and is acceptable to Us. The GAP contract issued by the provider of the protection will describe the terms and conditions of coverage in further detail. If You want GAP protection, sign below.

Cost: $ _630.00_  Term: _45 Mos._  Provider: _Western Diversified Services, Inc._

_Laura Ledbetter_  09/08/2015

| Buyer's Signature | Date | Buyer's Signature | Date |
|---|---|---|---|

Notice to the Buyer: 1. Do not sign this contract before you read it or if it contains any blank spaces. 2. You are entitled to an exact copy of the contract You sign.

You agree to the terms of this Contract and acknowledge that You have received a copy of this Contract with all blanks filled in and that You have read it and understand it.

Buyer's Signature: x  _Laura Ledbetter_   Buyer's Signature: x

Seller: GLOBAL AUTO SALES & BROKERS INC  By: _Terry Gramling_  Title: AGENT

This Contract is signed by the Seller and Buyer(s) hereto this _8th_ day of _September_ _2015_

**NOTICE OF ASSIGNMENT: The Seller has assigned this Contract to Credit Acceptance Corporation in accordance with the terms and conditions set forth on page 4 of this Contract. This assignment is without recourse. You must make all future payments to: CREDIT ACCEPTANCE CORPORATION, 25505 WEST TWELVE MILE ROAD-SUITE 3000, SOUTHFIELD, MICHIGAN 48034-8339, 1-(800)-634-1506.**

Seller: GLOBAL AUTO SALES & BROKERS INC  By: _Terry Gramling_  Title: AGENT

MISSISSIPPI CREDIT ACCEPTANCE CORPORATION (06-12)
© 2012 Credit Acceptance Corporation.
All Rights Reserved.

PAGE 2 of 5

The original retail installment contract is assigned to Credit Acceptance Corporation.
This copy was created on 09/08/2015

Copy of Electronic Original
Not required to mail or fax this copy to Credit Acceptance

# ADDITIONAL TERMS AND CONDITIONS

**Security Interest.** You give Us a security interest in: 1). The Vehicle and all parts or goods installed in it; 2). All money or goods received (proceeds) for the Vehicle; 3). All insurance, maintenance, service or other contracts We finance for You; and 4). All proceeds from insurance, maintenance, service or other contracts We finance for You (this includes any refunds of premiums). This secures payment of all You owe on this Contract and in any transfer, renewal, extension or assignment of this Contract. It also secures Your other agreements in this Contract. You agree to have the certificate of title show our security interest (lien) in the Vehicle.

**Late Charge.** You promise to make all payments when due. If You fail to make a payment when it is due, You agree to pay Us a late charge as stated on page 1 of this Contract. You agree that We do not waive any of our rights by accepting one or more late payments from You.

**Bad Check Charge.** If a check is given by You to Us is dishonored by Your bank, We may make a separate demand that You pay a returned check fee equal to the amount of any fee or charge imposed on Us as a result of the returned check, not to exceed $15.

**Ownership and Risk of Loss.** You promise to pay Us all You owe under this Contract even if the Vehicle is damaged, destroyed or missing.

**Your Other Promises to Us.** You promise that:
- You will not remove the Vehicle from the United States or Canada.
- You will not sell, rent, lease or otherwise transfer any interest in the Vehicle or this Contract without our written permission.
- You will not expose the Vehicle to misuse or confiscation.
- You will not permit any other lien or security interest to be placed on the Vehicle.
- You will preserve and protect the Vehicle and keep it in good condition and repair.
- You will not use the Vehicle in a trade or business without our written consent.
- You will not use the Vehicle unlawfully or abandon it. If a governmental agency impounds the Vehicle, You will notify Us immediately and regain possession of the Vehicle. We may regain possession of the Vehicle and treat it as a default.
- You will pay all taxes, assessments, rentals, charges, and other fees imposed on the Vehicle when they are due. If we pay any repair bills, storage bills, taxes, fines, fees, or other charges on the Vehicle, You agree to repay the amount to Us.
- You will permit Us to inspect the Vehicle at any reasonable time.
- You will promptly sign, or cause others to sign, and give Us any documents We reasonably request to perfect our security interest.
- You have not made and will not make an untrue, misleading or incomplete statement in a credit application, this Contract or any information provided in connection with this Contract.
- You will promptly provide Us with any additional personal or financial information concerning You or any information about the Vehicle that We may reasonably request from time to time.
- You will immediately notify Us if You change Your name or address.

**Prepayment.** You have the right to prepay Your account balance early without a penalty. If You prepay in full, You may be entitled to a refund credit of part of the pre-computed finance charge. This credit will be calculated in accordance with the actuarial method. We will apply the credit to the amount You owe Us or if You paid Us more than the amount owed to Us under this Contract, We will refund it to You. We will retain a $10.00 acquisition fee from any refund credit. We will not credit or refund amounts less than $1.00.

If You prepay only a portion of the balance remaining under this Contract, however a prepayment will not excuse any later scheduled payments. You must still make all scheduled payments on time until Your obligation under this Contract is paid in full. If You make a partial prepayment Your last payment or payments may be less than the scheduled amount due.

**Required Physical Damage Insurance.** You agree to have physical damage insurance covering loss or damage to the Vehicle for the term of this Contract. At any time during the term of this Contract, if You do not have physical damage insurance which covers both the interest of You and Us in the Vehicle, then We may buy it for You. If We do not buy physical damage insurance which covers both interests in the Vehicle, We may, if We decide, buy insurance which covers only our interest.

We are under no obligation to buy any insurance, but may do so if We desire. If We buy either of these coverages, We will let You know what type it is and the charge You must pay. The amount You must pay will be the premium for the insurance and a finance charge at the Annual Percentage Rate shown on this Contract. You agree to pay the amount and finance charge in equal installments along with the payments shown on the Payment Schedule.

If the Vehicle is lost or damaged, You agree that We can use any insurance settlement either to repair the Vehicle or apply to Your account balance. If applied to Your account balance, the insurance settlement proceeds that do not pay Your obligation in full under this Contract will be applied as a partial payment.

**Optional Insurance, Maintenance or Service Contracts.** This Contract may contain charges for optional insurance, maintenance, service or warranty contracts. If the Vehicle is repossessed, You agree that We may claim benefits under these contracts and terminate them to obtain refunds of unearned charges.

**Insurance, Maintenance, Service or Other Contract Charges Returned to Us.** If any charge for required insurance is returned to Us, it may be credited to Your account in accordance with the Prepayment section of this Contract or used to buy similar insurance which covers only our interest in the Vehicle. Any refund on optional insurance, maintenance, service, warranty or other contracts obtained by Us will be credited to Your account in accordance with the Prepayment section of this Contract.

**Default and Acceleration of the Contract.** You will be in default if:
- You fail to pay any amount due under this Contract when it is due.
- You break any of Your other promises You made in this Contract.
- A proceeding in bankruptcy, receivership or insolvency is started by You or against You or Your property.

If You are in default of this Contract, We may declare the entire unpaid balance of this Contract due and payable immediately at any time without notice to You, unless We are required by law to provide You with such notice, and subject to any right You may have to reinstate the Contract. In figuring what You owe, We will give You a refund of part of the Finance Charge figured the same as if You had prepaid Your obligation under this Contract in full.

ELECTRONIC ORIGINAL

MISSISSIPPI CREDIT ACCEPTANCE CORPORATION (06-12)
® 2012 Credit Acceptance Corporation.
All Rights Reserved.

PAGE 3 of 5

The original retail installment contract is assigned to Credit Acceptance Corporation.
This copy was created on 09/08/2015

Buyer's Initials 

Buyer's Initials _____

Copy of Electronic Original
Not required to mail or fax this copy to Credit Acceptance

## ADDITIONAL TERMS AND CONDITIONS

**Starter Interruption Device and GPS.** You understand and agree that if You are in default, We may use any starter interruption device and/or global positioning system (collectively, the Device) installed on the Vehicle to prevent the Vehicle from starting and/or to locate the Vehicle when permissible law and the terms of this Contract allow Us to repossess the Vehicle. You agree that if the Vehicle is disabled, You will need to cure Your default in order to restart the Vehicle. You acknowledge that You have been provided with a toll free telephone number that You may call, no more than once per month, if the Vehicle is disabled but You need an emergency activation which will allow the Vehicle to operate for 24 hours. Refer to the terms and conditions of the Buyer's Disclosure for additional information on the Device.

**Repossession of the Vehicle.** If You default, We may take (repossess) the Vehicle from You. To repossess the Vehicle, We can enter Your property, or the property where the Vehicle is stored, so long as it is done peacefully and the law allows it. Any accessories, equipment or replacements will remain with the Vehicle. You hereby acknowledge and agree that any personal property contained within the Vehicle may be removed and held without liability to Us or our agent. It is Your responsibility to promptly and immediately contact Us to make arrangements for the return of Your personal property. You are responsible for paying all reasonable charges associated with the repossession.

**Getting the Vehicle Back After Repossession.** If We repossess the Vehicle, You have the right to pay to get it back (redeem) at any time before We sell, lease, license or otherwise dispose of any or all of the Vehicle in its present condition or following any commercially reasonable preparation or processing.

**Sale of the Repossessed Vehicle.** Any notice that is required to be given to You of an intended sale or transfer of the Vehicle will be mailed to Your last known address, as reflected in our records, in a reasonable period before the date of the intended sale or transfer (or such other period of time as is required by law). If the Vehicle is sold, We will use the net proceeds of the sale to pay all or part of Your debt.

The net proceeds of the sale will be figured this way: Any charges for taking, holding, preparing for sale, and selling the Vehicle, and any attorney fees and court costs, if permitted by law, will be subtracted from the selling price.

If You owe Us less than the net proceeds of sale, We will pay You the difference, unless We are required to pay it to someone else. For example, We may be required to pay a lender who has given You a loan and has also taken a security interest in the Vehicle.

If You owe more than the net proceeds of sale, You will pay Us the difference between the net proceeds of sale and what You owe when We ask for it. If You do not pay this amount when asked, You may also be charged interest at the highest lawful rate until You pay all You owe to Us.

**Collection Costs.** If We hire an attorney to collect what You owe and the attorney is not our salaried employee, You will pay the attorney's fee not to exceed 15% of the amount actually due and unpaid at the time the balance of the Contract is accelerated and the entire amount thereof is declared to be due, plus court costs.

> WARRANTIES SELLER DISCLAIMS. YOU UNDERSTAND THAT THE SELLER IS NOT OFFERING ANY EXPRESS WARRANTIES COVERING THE VEHICLE UNLESS THE SELLER EXTENDS A WRITTEN WARRANTY OR SERVICE CONTRACT WITHIN 90 DAYS FROM THE DATE OF THIS CONTRACT. THIS PROVISION DOES NOT AFFECT ANY WARRANTIES COVERING THE VEHICLE THAT MAY BE PROVIDED BY THE VEHICLE MANUFACTURER.

**Delay in Enforcing Rights and Changes of this Contract.** We can delay or refrain from enforcing any of our rights under this Contract without losing them. For example, We can extend the time for making some payments without extending others. Any change in the terms of this Contract must be in writing and signed by Us. No oral changes are binding. If any part of this Contract is not valid, all other parts will remain enforceable.

**Interest After Maturity.** You further agree to pay interest at the Annual Percentage Rate stated on page 1 of this Contract or at the highest rate permitted by applicable law, on any amounts that remain unpaid after maturity of this Contract. For the purposes of this provision, maturity means the earlier of the date Your final payment is due or the date We accelerate the Contract.

**Judgment Rate.** Interest on any judgment awarded on this Contract will be at the Annual Percentage Rate stated on page 1 of this Contract, or at the highest rate permitted by applicable law.

**Governing Law.** The terms of this Contract are governed by the law of the state of the Seller's address shown on page 1 of this Contract, except to the extent preempted by applicable federal law.

## ASSIGNMENT

FOR VALUE RECEIVED, Seller hereby assigns and transfers all Seller's right, title and interest in and to this Contract, and in and to the Vehicle described herein, to CREDIT ACCEPTANCE CORPORATION ("Assignee"), its successors and assigns, pursuant to and in accordance with the terms and conditions set forth in the existing dealer agreement between Seller and Assignee in effect on the date hereof. Seller gives Assignee full power, either in Assignee's name or in Seller's name, to take all actions which Seller could have taken under this Contract. In order to induce Assignee to accept assignment of this Contract, Seller represents and warrants to Assignee as set forth in the existing dealer agreement.

## AGREEMENT TO ARBITRATE

This Arbitration Clause describes how a Dispute (as defined below) may be arbitrated. Arbitration is a method of resolving disputes in front of one or more neutral persons, instead of having a trial in court in front of a judge and/or jury. In this Arbitration Clause, "We" and "Us" mean Seller and/or Seller's assignee (including, without limitation, Credit Acceptance Corporation) or their employees, assignees, or any third party providing any goods or services in connection with the origination, servicing and collection of amounts due under the Contract if such third party is named as a party between You and Us. "You" and "Your" means each Buyer named above.

Your Right to Reject: If You don't want this Arbitration Clause to apply, You may reject it by mailing Us at P.O. Box 5070, Southfield, Michigan 48086-5070 a written rejection notice that describes the Contract and tells Us that You are rejecting this Arbitration Clause. A rejection notice is only effective if it is signed by all buyers, co-buyers and cosigners and the envelope that the rejection notice is sent in has a post mark of 30 days or less after the date of this Contract. If You reject this Arbitration Clause, that will not affect any other provision of this Contract or the status of Your Contract. If You don't reject this Arbitration Clause, it will be effective as of the date of this Contract.

Buyer's Initials _____

Buyer's Initials _____

MISSISSIPPI CREDIT ACCEPTANCE CORPORATION (06-12)
© 2012 Credit Acceptance Corporation.
All Rights Reserved.

The original retail installment contract is assigned to Credit Acceptance Corporation.
This copy was created on 09/08/2015

Copy of Electronic Original
Not required to mail or fax this copy to Credit Acceptance

A "Dispute" is any controversy or claim between You and Us arising out of or in any way related to this Contract, including, but not limited to, any default under this Contract, the collection of amounts due under this Contract, the purchase, sale, delivery, set-up, quality of the Vehicle, advertising for the Vehicle or its financing, or any product or service included in this Contract. "Dispute" shall have the broadest meaning possible, and includes contract claims, and claims based on tort, violations of laws, statutes, ordinances or regulations or any other legal or equitable theories. Notwithstanding the foregoing, "Dispute" does not include any individual action brought by You in small claims court or Your state's equivalent court, unless such action is transferred, removed or appealed to a different court. "Dispute" does not include your repossession of the Vehicle upon Your default and any exercise of the power of sale of the Vehicle under this Contract or any individual action by You to prevent Us from using any such remedy, so long as such individual action does not involve a request for monetary relief of any kind. In addition, "dispute" does not include disputes about the validity, enforceability, coverage or scope of this Arbitration Clause or any part thereof (including, without limitation, the Class Action Waiver described in the sixth paragraph of this Arbitration Clause, the last sentence of the seventh paragraph of this Arbitration Clause and/or this sentence); all such disputes are for a court and not an arbitrator to decide. However, any dispute or argument that concerns the validity or enforceability of the Contract as a whole is for the arbitrator, not a court, to decide.

If a Dispute arises, the complaining party shall give the other party a written Dispute Notice and a reasonable opportunity, not less than 30 days, to resolve the Dispute. Any Dispute Notice to You will be sent in writing to the address on this Contract (or any updated address You subsequently provide to Us). Any Dispute Notice to Us must be sent by mail to: Credit Acceptance, Attn: Corporate Legal, 25505 West Twelve Mile Road, Suite 3000, Southfield, Michigan 48034-8339 (or any updated address We subsequently provide to You). Any Dispute Notice You send must give Your Account Number, telephone number and address. Any Dispute Notice must explain the nature of the Dispute and the relief that is demanded. The complaining party must reasonably cooperate in providing any information about the Dispute that the other party reasonably requests.

Either You or We may require any Dispute to be arbitrated and may do so before or after a lawsuit has been started over the Dispute or with respect to other Disputes or counterclaims brought later in the lawsuit. If You or We elect to arbitrate a Dispute, this Arbitration Clause applies. A Dispute shall be fully resolved by binding arbitration. Judgment on the arbitration award may be entered in any court with jurisdiction. All statutes of limitation that otherwise would apply to an action brought in court will apply in arbitration. The arbitrator is authorized to award all remedies permitted by the substantive law that would apply if the action were pending in court, including, without limitation, punitive damages (which shall be governed by the Constitutional standards employed by the courts) and attorneys' fees and costs.

If You or We elect to arbitrate a Dispute, neither You nor We will have the right to pursue that Dispute in court or have a jury resolve that dispute. In addition, if You or We elect to arbitrate a Dispute, (a) neither You nor We may participate in a class action in court or in a class-wide arbitration, either as a plaintiff, defendant or class member; (b) neither You nor We may act as a private attorney general in court or in arbitration; (c) Disputes brought by or against You may not be joined or consolidated with Disputes brought by or against any other person; and (d) the arbitrator shall have no power or authority to conduct a class-wide arbitration, private attorney general arbitration or joined or consolidated arbitration (this sentence including subparts a through d hereof is referred to in this Arbitration Clause as the "Class Action Waiver"). In the event there is an agreement to arbitrate claims or disputes that conflicts with this Arbitration Clause, whether such agreement is executed before, at the same time, or after this Arbitration Clause, the terms of this Arbitration Clause shall control any and all Disputes between You and Us.

Notwithstanding the foregoing, We retain the right to repossess the Vehicle upon Your default and to exercise any power of sale under this Contract. If any provision of this Arbitration Clause other than the Class Action Waiver is invalid or unenforceable under the Federal Arbitration Act or any other applicable law, the invalid or unenforceable provision shall be inapplicable and deemed omitted, but shall not invalidate the rest of this Arbitration Clause, and shall not diminish the parties' obligation to arbitrate Disputes subject to this Arbitration Clause. In the event that the Class Action Waiver is determined to be invalid or unenforceable, then, subject to the right to appeal such a ruling, this entire Arbitration Clause (except for this sentence) shall be null and void.

Whoever first elects arbitration may choose to arbitrate under the rules and procedures of either JAMS or the American Arbitration Association; however in the event of a conflict between these rules and procedures and the provisions of this Arbitration Clause, You and We agree that this Arbitration Clause governs for that specific conflict. You may obtain the rules and procedures, information on fees and costs (including waiver of the fees), and other materials, and may file a claim by contacting the organization of Your choice. The addresses and websites of the organizations are: JAMS, 1920 Main Street, Suite 300, Irvine, CA 92614, www.jamsadr.com ; and American Arbitration Association, 335 Madison Avenue, Floor 10, New York, New York 10017-4605, www.adr.org. If neither JAMS nor the American Arbitration Association is able or willing to serve, and You and We can't otherwise agree on a substitute administrator or arbitrator, then a court with appropriate jurisdiction shall appoint an arbitrator. We will consider any good faith request You make to Us to pay the administrator's or arbitrator's filing, administrative, hearing and/or other fees if You cannot obtain a waiver of such fees from the administrator and We will not seek or accept reimbursement of any such fees. We will bear the expense of our attorneys, experts and witnesses, except where applicable law and this Contract allow Us to recover attorneys' fees and/or court costs in a collection action We bring. You will bear the expense of Your attorneys, experts and witnesses if We prevail in an arbitration. However, in an arbitration You commence, We will pay Your fees if You prevail or if We must bear such fees in order for this Arbitration Clause to be enforced. Also, We will bear any fees if applicable law requires Us to. The arbitrator may decide that an in-person hearing is unnecessary and that he or she can resolve the Dispute based on the papers submitted by You or Us and/or through a telephonic hearing. However, any arbitration hearing that You attend will take place at a location that is reasonably convenient to You. Notice of the time, date and location shall be provided to You and Us under the rules and procedures of the arbitration organization selected.

The arbitrator's decision is final and binding, except for any right of appeal provided by the Federal Arbitration Act, 9 U.S.C. §§ 1 et. Seq. ("FAA"). However, if the amount of the Dispute exceeds $50,000 or involves a request for injunctive or declaratory relief that could foreseeably involve a cost or benefit to either party exceeding $50,000, any party can appeal the award to a three-arbitrator panel administered by the Administrator, which panel shall reconsider any aspect of the initial award requested by the appealing party. The decision of the panel shall be by majority vote. Reference in this Arbitration Clause to "the arbitrator" shall mean the panel of arbitrators if an appeal of the arbitrator's decision has been taken. The costs of such an appeal will be borne in accordance with the section of this Arbitration Clause that describes who will bear the costs for the initial proceeding before a single arbitrator.

It is expressly agreed that this Contract evidences a transaction in interstate commerce. This Arbitration Clause is governed by the FAA and not by any state arbitration law.

COPY OF ELECTRONIC ORIGINAL

Buyer's Initials _____

Buyer's Initials _____

MISSISSIPPI CREDIT ACCEPTANCE CORPORATION (06-12)
© 2012 Credit Acceptance Corporation.
All Rights Reserved.

The original retail installment contract is assigned to Credit Acceptance Corporation.
This copy was created on 09/08/2015

# EXHIBIT "B"

Sep. 8. 2015 4:29PM GLOBAL AUTO SALES&BROKER No. 5925 P. 5

0038096452-1



Credit Acceptance
We change lives!

## DECLARATION ACKNOWLEDGING ELECTRONIC SIGNATURE PROCESS

ACCOUNT # 81142722                                        LOT # F8N

| Buyer Name and Address | Co-Buyer Name and Address | Seller Name and Address |
|---|---|---|
| LAURA LEDBETTER<br>118 GAYLANE DR<br>COLUMBUS, MS 39702 | N/A | GLOBAL AUTO SALES & BROKERS INC<br>1109 HWY 72 EAST<br>CORINTH, MS 38834 |

| | Year and Make | Model and Body Style | Color | Vehicle Identification Number |
|---|---|---|---|---|
| Used | 2009 Chevrolet | Impala 4D Sedan | WHITE | 2G1WD57C791199800 |

### BUYER DECLARATION

By signing below, I, LAURA  LEDBETTER        and/or  N/A                (Buyer) hereby state that:

1. I read, understood, and agreed to the eSign Consent form and consented to use electronic signatures to sign all documents necessary to process a retail installment transaction with the Seller named above.

2. I was given the opportunity to review a paper version of the retail installment contract I was being asked to sign prior to using electronic signatures to electronically sign the documents.

3. I was in physical control of the key board, mouse or other device to click a button, signature box, or initial box that applied my e-signature to the documents with the intent to sign the documents as if I provided my handwritten signature on the documents.

4. I received a fully executed copy of the retail installment contract.

Signature of Buyer          09/08/2015          Signature of Buyer                    Date
                            Date

### SELLER DECLARATION

By signing below, the Seller solemnly declares and affirms under the pains and penalties of perjury, as follows:

1. I am an authorized representative of Seller and am knowledgeable about the retail installment transaction between Seller and the Buyer(s) named above.

2. The Buyer was in physical control of the key board, mouse or other device to click a button, signature box, or initial box that applied his/her e-signature to the documents, and I witnessed the Buyer applying their electronic signature to the documents.

3. I understand Credit Acceptance Corporation is relying on this declaration in accepting for assignment the electronically signed retail installment contract between Seller and Buyer.

Seller: GLOBAL AUTO SALES &          By:                              Title: Agent  Date: 09/08/2015
        BROKERS INC

E-Sign Declaration (Ver 12/14)
© 2014 Credit Acceptance Corporation. All Rights Reserved

# EXHIBIT "C"

IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI

**LAURA LEDBETTER**                                          **PLAINTIFF**

V.                                          CIVIL ACTION NO. CV16-15106A

**GLOBAL AUTO SALES AND
BROKERS, INC., and CREDIT
ACCEPTANCE CORPORATION**                    **DEFENDANTS**

## COMPLAINT

COMES NOW Laura Ledbetter, Plaintiff, by and through undersigned counsel, and files this

*Complaint* against Global Auto Sales and Brokers, Inc. (hereafter "Global") and Credit Acceptance

Corporation (hereafter "CAC"), Defendants, and in support hereof would show unto the Court the

following:

### I. PARTIES

1.     Plaintiff is an adult resident of Lowndes County, Mississippi.

2.     Defendant Global is a Mississippi corporation who may be served with process

through its Registered Agent, B. Bronson Tabler, PA, at 103 West College Street, Booneville, MS

38829.

3.     Defendant CAC is a foreign corporation, doing business in Mississippi, who may be

served with process through its Registered Agent, Corporation Service Company, at 5760 I-55 North,

Suite 150, Jackson, MS 39211.



FILED

MAR 2 2 2016

JOE CALDWELL, CIRCUIT CLERK
BY

1

## II. JURISDICTION AND VENUE

4.     Jurisdiction and venue rest with the Circuit Court of Alcorn County, Mississippi, in that the acts that are the subject matter herein occurred in Alcorn County, Mississippi.

## III. FACTS

5.     On or about September 8, 2015, Plaintiff went to Defendant Global's car lot in Corinth, Mississippi, and purchased a vehicle.

6.     Plaintiff did not sign the Retail Installment Contract (a copy of which is attached as Exhibit "A"), nor did she agree to any of the items listed therein.

7.     Defendants have negligently, intentionally and/or maliciously created a credit liability not that of Plaintiff.

8.     The vehicle was not of the quality, mileage and condition claimed.

9.     The sale price was fraudantly placed upon credit documents.

## IV. DAMAGES

10.     That the Defendants and/or their agents have intentionally, maliciously and without just cause, engaged in deceitful business practices and malicious and intentional fraud that were calculated to harm the Plaintiff and as a direct and proximate cause thereof the Plaintiff has been irreparably harmed.

11.     That as a result of Defendants' actions Plaintiff was forced to retain an attorney and has incurred costs for which Defendants are liable.

2

WHEREFORE PREMISES CONSIDERED, Plaintiff demands a judgment of and from the Defendants in a sum to be determined by a jury in actual damages, punitive damages, along with a reasonable attorney fee and all cost.

Plaintiff prays for such other relief as in law or equity she may be entitled.

Respectfully submitted,

LAURA LEDBETTER, Plaintiff

BY: _____

WILBUR O. COLOM (MSB # 6403)
The Colom Law Firm, LLC
Post Office Box 866
Columbus, MS 39703-0866
Telephone: 662-327-0903
Facsimile: 662-329-4832
Email: wil@colom.com

**PLAINTIFF REQUESTS TRIAL BY JURY**

_____
WILBUR O. COLOM

3

Copy of Electronic Original
Not required to mail or fax this copy to Credit Acceptance

## RETAIL INSTALLMENT CONTRACT

ACCOUNT # 81142722                                                        LOT # F8N

| Buyer Name and Address | Co-Buyer Name and Address | Creditor-Seller Name and Address |
|---|---|---|
| LAURA LEDBETTER 118 GAYLANE DR COLUMBUS, MS 39702 | N/A | GLOBAL AUTO SALES & BROKERS INC 1109 HWY 72 EAST CORINTH, MS 38834 |

"You" and "Your" mean each Buyer above, jointly and severally. "Us" and "We" mean Creditor-Seller and Creditor-Seller's assignee. You may buy the Vehicle described below for cash or credit. The cash price is shown below as the "Cash Price". The credit price is shown below as "Total Sale Price". You have agreed to buy the Vehicle from Us on credit for the Total Sale Price. You acknowledge delivery and acceptance of the Vehicle in good condition and repair. You promise to pay Us all amounts due under this Retail Installment Contract ("Contract"), including the Total Sale Price, in accordance with the payment schedule shown in the Truth in Lending Disclosures below. You also agree to the terms and conditions below (including the Truth in Lending Disclosures) and on the additional pages of this Contract. The Annual Percentage Rate may be negotiable with Us.

| | Year and Make | Model and Body Style | Color | Vehicle Identification Number | Odometer Reading |
|---|---|---|---|---|---|
| Used | 2009 Chevrolet | Impala 4D Sedan | WHITE | 2G1WD57C791199800 | 215,595 |

### TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of Your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost You. | Amount Financed The amount of credit provided to You or on Your behalf. | Total of Payments The amount You will have paid after You have made all payments as scheduled. | Total Sale Price The total cost of Your purchase on credit, including Your down payment of $ 1,350.00 is |
|---|---|---|---|---|
| 23.99 % | $ 4,547.10 | $ 8,650.50 | $ 13,197.60 | $ 14,547.60 |

Payment Schedule: Your payment schedule will be:

| No. of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 45 | $ 293.28 | October 08, 2015 and same date of each following month. |

Security: You are giving a security interest in the goods or Vehicle being purchased.
Late Charge: If a payment is more than 10 days late, You will be charged $5 or 5% of the payment, whichever is less.
Prepayment: If you pay off early, You may be entitled to a refund of part of the Finance Charge.
Additional Information: Please read this Contract for any additional information about nonpayment, default and any required repayment in full before the scheduled date, and prepayment refunds and penalties.

LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGES CAUSED TO OTHERS IS NOT INCLUDED.

PROPERTY INSURANCE: You must insure the Vehicle securing this Contract. YOU MAY PURCHASE OR PROVIDE THE INSURANCE THROUGH ANYONE YOU CHOOSE WHO IS REASONABLY ACCEPTABLE TO US. The collision coverage deductible may not exceed $500.

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

USED CAR BUYERS GUIDE. THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.
Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

ARBITRATION NOTICE: PLEASE SEE PAGE 4 OF THIS CONTRACT FOR INFORMATION REGARDING THE ARBITRATION CLAUSE CONTAINED IN THIS CONTRACT.
ADDITIONAL TERMS AND CONDITIONS: THE ADDITIONAL TERMS AND CONDITIONS, INCLUDING THE ARBITRATION CLAUSE SET FORTH ON THE ADDITIONAL PAGES OF THIS CONTRACT ARE A PART OF THIS CONTRACT AND ARE INCORPORATED HEREIN BY REFERENCE.

Buyer's Initials _____

Buyer's Initials _____

MISSISSIPPI CREDIT ACCEPTANCE CORPORATION (06-12)
© 2012 Credit Acceptance Corporation.
All Rights Reserved.

The original retail installment contract is assigned to Credit Acceptance Corporation.
This copy was created on 09/08/2015

EXHIBIT "A"

Copy of Electronic Original
Not required to mail or fax this copy to Credit Acceptance

## ITEMIZATION OF AMOUNT FINANCED

| | | |
|---|---|---|
| 1. **Cash Price** (including accessories and improvements to the Vehicle) | $ | 8,655.00 (1) |
| 2. **Sales Tax** | $ | 445.50 (2) |

3. **Down-Payment Calculation:** Cash Down Payment .................... $ 1,350.00 (A)

Trade-In Description: Gross Trade-In ............. $ _____ N/A (B)

Make: N/A

Model: N/A      Payoff Made by Seller $ _____ N/A (C)

Net Trade-In (If negative number, insert "0" in line 3(D) and itemize difference in 5(E) below) (B-C) $ _____ 0.00 (D)

Total Down Payment .......................... (A + D) $ 1,350.00 (3)

4. **Unpaid Balance of Cash Price** (1+ 2 less 3) ............................................................ $ 7,750.50 (4)

5. Other Charges Including Amounts Paid to Others on Your Behalf:

*(NOTICE: A portion of these charges may be paid to or retained by Us.)

| | | |
|---|---|---|
| A. | *Cost of Required Physical Damage Insurance Paid to Insurance Company ............. $ | N/A (A) |
| B. | *Cost of Optional Extended Warranty or Service Contract Paid to the Company named below ........ $ | N/A (B) |
| C. | Cost of Fees Paid to Public Officials for Filing, Recording & Perfecting Security Interest in Vehicle $ | N/A (C) |
| D. | Cost of Fees Paid to Public Officials for Certificate of Title, License and Registration ................ $ | 15.00 (D) |

Other Charges (Seller must identify who will receive payment and describe purpose)

| | | | | |
|---|---|---|---|---|
| E. | to N/A | for lien or lease payoff .............. $ | N/A (E) | |
| F. | *to Western Diversified Services, Inc. | for Optional GAP Protection ............. $ | 630.00 (F) | |
| G. | *to THE SELLER | for Global Auto Sales & Brokers, Inc $ | 255.00 (G) | |
| H. | *to N/A | for N/A ............. $ | N/A (H) | |
| I. | *to N/A | for N/A ............. $ | N/A (I) | |
| J. | *to N/A | for N/A ............. $ | N/A (J) | |

| | | |
|---|---|---|
| Total of Other Charges and Amounts Paid to Others on Your Behalf ..................................... $ | | 900.00 (5) |
| 6. Less Prepaid Finance Charge ............................................................ $ | | N/A (6) |
| 7. **Amount Financed - Unpaid Balance** (4 + 5 less 6) ............................................ $ | | 8,650.50 (7) |
| 8. **Finance Charge** ............................................................ $ | | 4,547.10 (8) |
| 9. **Total of Payments - Time Balance** (7 + 8) ............................................ $ | | 13,197.60 (9) |

**OPTIONAL EXTENDED WARRANTY OR SERVICE CONTRACT:** Although You are not required to purchase an optional extended warranty or service contract as a condition of purchasing this Vehicle on credit, by initialing below You are indicating that You voluntarily elect to buy an optional extended warranty or service contract covering the repair of certain major mechanical breakdowns of the Vehicle and related expenses. Refer to the optional extended warranty or service contract for details about coverage and duration.

Price $ N/A      Term: N/A      Company: N/A

****NOT PURCHASED - DO NOT SIGN****

| | | | |
|---|---|---|---|
| Buyer's Signature | Date | Buyer's Signature | Date |

**GAP PROTECTION:** Optional Guaranteed Auto Protection (GAP) is not required to obtain credit. GAP protection will not be provided under this Contract unless You sign for it below and agree to pay the additional cost shown below and on Line 5F of the ITEMIZATION OF AMOUNT FINANCED. You may obtain optional GAP protection from a person of Your choice that is authorized to sell such coverage and is acceptable to Us. The GAP contract issued by the provider of the protection will describe the terms and conditions of coverage in further detail. If You want GAP protection, sign below.

Cost: $ 630.00      Term: 45 Mos.      Provider: Western Diversified Services, Inc.

*Laura Ledbetter*      09/08/2015

| | | | |
|---|---|---|---|
| Buyer's Signature | Date | Buyer's Signature | Date |

**Notice to the Buyer:** 1. Do not sign this contract before you read it or if it contains any blank spaces. 2. You are entitled to an exact copy of the contract you sign.

You agree to the terms of this Contract and acknowledge that You have received a copy of this Contract with all blanks filled in and that You have read it and understand it.

Buyer's Signature: x *Laura Ledbetter*      Buyer's Signature: x _____

Seller: GLOBAL AUTO SALES & BROKERS INC      By: *Terry Gramling*      Title: AGENT

This Contract is signed by the Seller and Buyer(s) hereto this 8th day of September 2015

**NOTICE OF ASSIGNMENT:** The Seller has assigned this Contract to Credit Acceptance Corporation in accordance with the terms and conditions as set forth on page 4 of this Contract. This assignment is without recourse. You must make all future payments to: CREDIT ACCEPT-ANCE CORPORATION, 25505 WEST TWELVE MILE ROAD-SUITE 3000, SOUTHFIELD, MICHIGAN 48034-8339, 1-(800)-634-1506.

Seller: GLOBAL AUTO SALES & BROKERS INC      By: *Terry Gramling*      Title AGENT

MISSISSIPPI CREDIT ACCEPTANCE CORPORATION (06-12)
© 2012 Credit Acceptance Corporation.
All Rights Reserved.

The original retail installment contract is assigned to Credit Acceptance Corporation.
This copy was created on 09/08/2015

Copy of Electronic Original
## Not required to mail or fax this copy to Credit Acceptance

## ADDITIONAL TERMS AND CONDITIONS

**Security Interest.** You give Us a security interest in: 1). The Vehicle and all parts or goods installed in it; 2). All money or goods received (proceeds) for the Vehicle; 3). All insurance, maintenance, service or other contracts We finance for You; and 4). All proceeds from insurance, maintenance, service or other contracts We finance for You (this includes any refunds of premiums). This secures payment of all You owe on this Contract and in any transfer, renewal, extension or assignment of this Contract. It also secures Your other agreements in this Contract. You agree to have the certificate of title show our security interest (lien) in the Vehicle.

**Late Charge.** You promise to make all payments when due. If You fail to make a payment when it is due, You agree to pay Us a late charge as stated on page 1 of this Contract. You agree that We do not waive any of our rights by accepting one or more late payments from You.

**Bad Check Charge.** If a check is given by You to Us is dishonored by Your bank, We may make a separate demand that You pay a returned check fee equal to the amount of any fee or charge imposed on Us as a result of the returned check, not to exceed $15.

**Ownership and Risk of Loss.** You promise to pay Us all You owe under this Contract even if the Vehicle is damaged, destroyed or missing.

**Your Other Promises to Us.** You promise that:
- You will not remove the Vehicle from the United States or Canada.
- You will not sell, rent, lease or otherwise transfer any interest in the Vehicle or this Contract without our written permission.
- You will not expose the Vehicle to misuse or confiscation.
- You will not permit any other lien or security interest to be placed on the Vehicle.
- You will preserve and protect the Vehicle and keep it in good condition and repair.
- You will not use the Vehicle in a trade or business without our written consent.
- You will not use the Vehicle unlawfully or abandon it. If a governmental agency impounds the Vehicle, You will notify Us immediately and regain possession of the Vehicle. We may regain possession of the Vehicle and treat it as a default.
- You will pay all taxes, assessments, rentals, charges, and other fees imposed on the Vehicle when they are due. If We pay any repair bills, storage bills, taxes, fines, fees, or other charges on the Vehicle, You agree to repay the amount to Us.
- You will permit Us to inspect the Vehicle at any reasonable time.
- You will promptly sign, or cause others to sign, and give Us any documents We reasonably request to perfect our security interest.
- You have not made and will not make an untrue, misleading or incomplete statement in a credit application, this Contract or any information provided in connection with this Contract.
- You will promptly provide Us with any additional personal or financial information concerning You or any information about the Vehicle that We may reasonably request from time to time.
- You will immediately notify Us if You change Your name or address.

**Prepayment.** You have the right to prepay Your account balance early without a penalty. If You prepay in full, You may be entitled to a refund credit of part of the pre-computed finance charge. This credit will be calculated in accordance with the actuarial method. We will apply the credit to the amount You owe Us or if You paid Us more than the amount owed to Us under this Contract, We will refund it to You. We will retain a $10.00 acquisition fee from any refund credit. We will not credit or refund amounts less than $1.00.

If You prepay only a portion of the balance remaining under this Contract, We will apply the prepayment to Your account balance, however a prepayment will not excuse any later scheduled payments. You must still make all scheduled payments on time until Your obligation under this Contract is paid in full. If You make a partial prepayment Your last payment or payments may be less than the scheduled amount due.

**Required Physical Damage Insurance.** You agree to have physical damage insurance covering loss or damage to the Vehicle for the term of this Contract. At any time during the term of this Contract, if You do not have physical damage insurance which covers both the interest of You and Us in the Vehicle, then We may buy it for You. If We do not buy physical damage insurance, which covers both interests in the Vehicle, We may decide to buy insurance which covers only our interest.

We are under no obligation to buy any insurance, but may do so if We desire. If We buy either of these coverages, We will let You know what type it is and the charge You must pay. The amount You must pay will be the premium for the insurance and a finance charge at the Annual Percentage Rate shown on this Contract. You agree to pay the amount and finance charge in equal installments along with the payments shown on the Payment Schedule.

If the Vehicle is lost or damaged, You agree that We can use any insurance settlement either to repair the Vehicle or apply to Your account balance. If applied to Your account balance, the insurance settlement proceeds that do not pay Your obligation in full under this Contract will be applied as a partial payment.

**Optional Insurance, Maintenance or Service Contracts.** This Contract may contain charges for optional insurance, maintenance, service or warranty contracts. If the Vehicle is repossessed, You agree that We may claim benefits under these contracts and terminate them to obtain refunds of unearned charges.

**Insurance, Maintenance, Service or Other Contract Charges Returned to Us.** If any charge for required insurance is returned to Us, it may be credited to Your account in accordance with the Prepayment section of this Contract or used to buy similar insurance which covers only our interest in the Vehicle. Any refund on optional insurance, maintenance, service, warranty or other contracts obtained by Us will be credited to Your account in accordance with the Prepayment section of this Contract.

**Default and Acceleration of the Contract.** You will be in default if:
- You fail to pay any amount due under this Contract when it is due.
- You break any of Your other promises You made in this Contract.
- A proceeding in bankruptcy, receivership or insolvency is started by You or against You or Your property.

If You are in default of this Contract, We may declare the entire unpaid balance of this Contract due and payable immediately at any time without notice to You, unless We are required by law to provide You with such notice, and subject to any right You may have to reinstate the Contract. In figuring what You owe, We will give You a refund of part of the Finance Charge figured the same as if You had prepaid Your obligation under this Contract in full.

MISSISSIPPI CREDIT ACCEPTANCE CORPORATION (06-12)
© 2012 Credit Acceptance Corporation.
All Rights Reserved.

Buyer's Initials _____

Buyer's Initials _____

The original retail installment contract is assigned to Credit Acceptance Corporation.
This copy was created on 09/08/2015

Copy of Electronic Original
Not required to mail or fax this copy to Credit Acceptance

## ADDITIONAL TERMS AND CONDITIONS

**Starter Interruption Device and GPS.** You understand and agree that if You are in default, We may use any starter interruption device and/or global positioning system (collectively, the Device) installed on the Vehicle to prevent the Vehicle from starting and/or to locate the Vehicle when permissible law and the terms of this Contract allow Us to repossess the Vehicle. You agree that if the Vehicle is disabled, You will need to cure Your default in order to restart the Vehicle. You acknowledge that You have been provided with a toll free telephone number that You may call, no more than once per month, if the Vehicle is disabled but You need an emergency activation which will allow the Vehicle to operate for 24 hours. Refer to the terms and conditions of the Buyer's Disclosure for additional information on the Device.

**Repossession of the Vehicle.** If You default, We may take (repossess) the Vehicle from You. To repossess the Vehicle, We can enter Your property, or the property where the Vehicle is stored, so long as it is done peacefully and the law allows it. Any accessories, equipment or replacements will remain with the Vehicle. You hereby acknowledge and agree that any personal property contained within the Vehicle may be removed and held without liability to Us or our agent. It is Your responsibility to promptly and immediately contact Us to make arrangements for the return of Your personal property. You are responsible for paying all reasonable charges associated with the repossession.

**Getting the Vehicle Back After Repossession.** If We repossess the Vehicle, You have the right to pay to get it back (redeem) at any time before We sell, lease, license or otherwise dispose of any or all of the Vehicle in its present condition or following any commercially reasonable preparation or processing.

**Sale of the Repossessed Vehicle.** Any notice that is required to be given to You of an intended sale or transfer of the Vehicle will be mailed to Your last known address, as reflected in our records, in a reasonable period before the date of the intended sale or transfer (or such other period of time as is required by law). If the Vehicle is sold, We will use the net proceeds of the sale to pay all or part of Your debt.

The net proceeds of the sale will be figured this way: Any charges for taking, holding, preparing for sale, and selling the Vehicle, and any attorney fees and court costs, if permitted by law, will be subtracted from the selling price.

If You owe Us less than the net proceeds of sale, We will pay You the difference, unless We are required to pay it to someone else. For example, We may be required to pay a lender who has given You a loan and has also taken a security interest in the Vehicle.

If You owe more than the net proceeds of sale, You will pay Us the difference between the net proceeds of sale and what You owe when We ask for it. If You do not pay this amount when asked, You may also be charged interest at the highest lawful rate until You do pay all You owe to Us.

**Collection Costs.** If We hire an attorney to collect what You owe and the attorney is not our salaried employee, You will pay the attorney's fee not to exceed 15% of the amount actually due and unpaid at the time the balance of the Contract is accelerated and the entire amount thereof is declared to be due, plus court costs.

> WARRANTIES SELLER DISCLAIMS. YOU UNDERSTAND THAT THE SELLER IS NOT OFFERING ANY EXPRESS WARRANTIES COVERING THE VEHICLE UNLESS THE SELLER EXTENDS A WRITTEN WARRANTY OR SERVICE CONTRACT WITHIN 90 DAYS FROM THE DATE OF THIS CONTRACT.
> THIS PROVISION DOES NOT AFFECT ANY WARRANTIES COVERING THE VEHICLE THAT MAY BE PROVIDED BY THE VEHICLE MANUFACTURER.

**Delay in Enforcing Rights and Changes of this Contract.** We can delay or refrain from enforcing any of our rights under this Contract without losing them. For example, We can extend the time for making some payments without extending others. Any change in the terms of this Contract must be in writing and signed by Us. No oral changes are binding. If any part of this Contract is not valid, all other parts will remain enforceable.

**Interest After Maturity.** You further agree to pay interest at the Annual Percentage Rate stated on page 1 of this Contract or at the highest rate permitted by applicable law, on any amounts that remain unpaid after maturity of this Contract. For the purposes of this provision, maturity means the earlier of the date Your final payment is due or the date We accelerate the Contract.

**Judgment Rate.** Interest on any judgment awarded on this Contract will be at the Annual Percentage Rate stated on page 1 of this Contract, or the highest rate permitted by applicable law.

**Governing Law.** The terms of this Contract are governed by the law of the state of the Seller's address shown on page 1 of this Contract, except to the extent preempted by applicable federal law.

## ASSIGNMENT

FOR VALUE RECEIVED, Seller hereby assigns and transfers all Seller's right, title and interest in and to this Contract, and in and to the Vehicle described herein, to CREDIT ACCEPTANCE CORPORATION ("Assignee"), its successors and assigns, pursuant to and in accordance with the terms and conditions set forth in the existing dealer agreement between Seller and Assignee in effect on the date hereof. Seller gives Assignee full power, either in Assignee's name or in Seller's name, to take all actions which Seller could have taken under this Contract. In order to induce Assignee to accept assignment of this Contract, Seller represents and warrants to Assignee as set forth in the existing dealer agreement.

## AGREEMENT TO ARBITRATE

This Arbitration Clause describes how a Dispute (as defined below) may be arbitrated. Arbitration is a method of resolving disputes in front of one or more neutral persons, instead of having a trial in court in front of a judge and/or jury. In this Arbitration Clause, "We" and "Us" mean Seller and/or Seller's assignee (including, without limitation, Credit Acceptance Corporation) or their employees, assignees, or any third party providing any goods or services in connection with the origination, servicing and collection of amounts due under the Contract if such third party is named as a party between You and Us. "You" and "Your" means each Buyer named above.

**Your Right to Reject:** If You don't want this Arbitration Clause to apply, You may reject it by mailing Us at P.O. Box 5070, Southfield, Michigan 48086-5070 a written rejection notice that describes the Contract and tells Us that You are rejecting this Arbitration Clause. A rejection notice is only effective if it is signed by all buyers, co-buyers and cosigners and the envelope that the rejection notice is sent in has a post mark of 30 days or less after the date of this Contract. If You reject this Arbitration Clause, that will not affect any other provision of this Contract or the status of Your Contract. If You don't reject this Arbitration Clause, it will be effective as of the date of this Contract.

MISSISSIPPI CREDIT ACCEPTANCE CORPORATION (06-12)
© 2012 Credit Acceptance Corporation.
All Rights Reserved.

PAGE 4 of 5

Buyer's Initials ⟶ _____

Buyer's Initials _____

The original retail installment contract is assigned to Credit Acceptance Corporation.
This copy was created on 09/08/2015

Copy of Electronic Original
Not required to mail or fax this copy to Credit Acceptance

A "Dispute" is any controversy or claim between You and Us arising out of or in any way related to this Contract, including, but not limited to, any default under this Contract, the collection of amounts due under this Contract, the purchase, sale, delivery, set-up, quality of the Vehicle, advertising for the Vehicle or its financing, or any product or service included in this Contract. "Dispute" shall have the broadest meaning possible, and includes contract claims, and claims based on tort, violations of laws, statutes, ordinances or regulations or any other legal or equitable theories. Notwithstanding the foregoing, "Dispute" does not include any individual action brought by You in small claims court or Your state's equivalent court, unless such action is transferred, removed or appealed to a different court. "Dispute" does not include any repossession of the Vehicle upon Your default and any exercise of the power of sale of the Vehicle under this Contract or any individual action by You to prevent Us from using any such remedy, so long as such individual action does not involve a request for monetary relief of any kind. In addition, "dispute" does not include disputes about the validity, enforceability, coverage or scope of this Arbitration Clause or any part thereof (including, without limitation, the Class Action Waiver described in the sixth paragraph of this Arbitration Clause, the last sentence of the seventh paragraph of this Arbitration Clause and/or this sentence); all such disputes are for a court and not an arbitrator to decide. However, any dispute or argument that concerns the validity or enforceability of the Contract as a whole is for the arbitrator, not a court, to decide.

If a Dispute arises, the complaining party shall give the other party a written Dispute Notice and a reasonable opportunity, not less than 30 days, to resolve the Dispute. Any Dispute Notice to You will be sent in writing to the address on this Contract (or any updated address You subsequently provide to Us). Any Dispute Notice to Us must be sent by mail to: Credit Acceptance, Attn: Corporate Legal, 25505 West Twelve Mile Road, Suite 3000, Southfield, Michigan 48034-8339 (or any updated address We subsequently provide to You). Any Dispute Notice You send must give Your Account Number, telephone number and address. Any Dispute Notice must explain the nature of the Dispute and the relief that is demanded. The complaining party must reasonably cooperate in providing any information about the Dispute that the other party reasonably requests.

Either You or We may require any Dispute to be arbitrated and may do so before or after a lawsuit has been started over the Dispute or with respect to other Disputes or counterclaims brought later in the lawsuit. If You or We elect to arbitrate a Dispute, this Arbitration Clause applies. A Dispute shall be fully resolved by binding arbitration. Judgment on the arbitration award may be entered in any court with jurisdiction. All statutes of limitation that otherwise would apply to an action brought in court will apply in arbitration. The arbitrator is authorized to award all remedies permitted by the substantive law that would apply if the action were pending in court, including, without limitation, punitive damages (which shall be governed by the Constitutional standards employed by the courts) and attorneys' fees and costs.

If You or We elect to arbitrate a Dispute, neither You nor We will have the right to pursue that Dispute in court or have a jury resolve that dispute. In addition, if You or We elect to arbitrate a Dispute, (a) neither You nor We may participate in a class action in court or in a class-wide arbitration, either as a plaintiff, defendant or class member; (b) neither You nor We may act as a private attorney general in court or in arbitration; (c) Disputes brought by or against You may not be joined or consolidated with Disputes brought by or against any other person; and (d) the arbitrator shall have no power or authority to conduct a class-wide arbitration, private attorney general arbitration or joined or consolidated arbitration (this sentence including subparts a through d hereof is referred to in this Arbitration Clause as the "Class Action Waiver"). In the event there is an agreement to arbitrate claims or disputes that conflicts with this Arbitration Clause, whether such agreement is executed before, at the same time, or after this Arbitration Clause, the terms of this Arbitration Clause shall control any and all Disputes between You and Us.

Notwithstanding the foregoing, We retain the right to repossess the Vehicle upon Your default and to exercise any power of sale under this Contract. If any provision of this Arbitration Clause other than the Class Action Waiver is invalid or unenforceable under the Federal Arbitration Act or any other applicable law, the invalid or unenforceable provision shall be inapplicable and deemed omitted, but shall not invalidate the rest of this Arbitration Clause, and shall not diminish the parties' obligation to arbitrate Disputes subject to this Arbitration Clause. In the event that the Class Action Waiver is determined to be invalid or unenforceable, then subject to the right to appeal such a ruling, this entire Arbitration Clause (except for this sentence) shall be null and void.

COPY OF ELECTRONIC ORIGINAL

Whoever first elects arbitration may choose to arbitrate under the rules and procedures of either JAMS or the American Arbitration Association; however in the event of a conflict between these rules and procedures and the provisions of this Arbitration Clause, You and We agree that this Arbitration Clause governs for that specific conflict. You may obtain the rules and procedures, information on fees and costs (including waiver of the fees), and other materials, and may file a claim by contacting the organization of Your choice. The addresses and websites of the organizations are: JAMS, 1920 Main Street, Suite 300, Irvine, CA 92614, www.jamsadr.com ; and American Arbitration Association, 335 Madison Avenue, Floor 10, New York, New York 10017-4605, www.adr.org. If neither JAMS nor the American Arbitration Association is able or willing to serve, and You and We can't otherwise agree on a substitute administrator or arbitrator, then a court with appropriate jurisdiction shall appoint an arbitrator. We will consider any good faith request You make to Us to pay the administrator's or arbitrator's filing, administrative, hearing and/or other fees if You cannot obtain a waiver of such fees from the administrator and We will not seek or accept reimbursement of any such fees. We will bear the expense of our attorneys, experts and witnesses, except where applicable law and this Contract allow Us to recover attorneys' fees and/or court costs in a collection action We bring. You will bear the expense of Your attorneys, experts and witnesses if We prevail in an arbitration. However, in an arbitration You commence, We will pay Your fees if You prevail or if We must bear such fees in order for this Arbitration Clause to be enforced. Also, We will bear any fees if applicable law requires Us to. The arbitrator may decide that an in-person hearing is unnecessary and that he or she can resolve the Dispute based on the papers submitted by You or Us and/or through a telephonic hearing. However, any arbitration hearing that You attend will take place at a location that is reasonably convenient to You. Notice of the time, date and location shall be provided to You and Us under the rules and procedures of the arbitration organization selected.

The arbitrator's decision is final and binding, except for any right of appeal provided by the Federal Arbitration Act, 9 U.S.C. §§ 1 et. Seq. ("FAA"). However, if the amount of the Dispute exceeds $50,000 or involves a request for injunctive or declaratory relief that could foreseeably involve a cost or benefit to either party exceeding $50,000, any party can appeal the award to a three-arbitrator panel administered by the Administrator, which panel shall reconsider any aspect of the initial award requested by the appealing party. The decision of the panel shall be by majority vote. Reference in this Arbitration Clause to "the arbitrator" shall mean the panel of arbitrators if an appeal of the arbitrator's decision has been taken. The costs of such an appeal will be borne in accordance with the section of this Arbitration Clause that describes who will bear the costs for the initial proceeding before a single arbitrator.

It is expressly agreed that this Contract evidences a transaction in interstate commerce. This Arbitration Clause is governed by the FAA and not by any state arbitration law.

MISSISSIPPI CREDIT ACCEPTANCE CORPORATION (06-12)
© 2012 Credit Acceptance Corporation.
All Rights Reserved.

➡ Buyer's Initials _____

Buyer's Initials _____

The original retail installment contract is assigned to Credit Acceptance Corporation.
This copy was created on 09/08/2015