# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### ABERDEEN DIVISION

**CREDIT ACCEPTANCE CORPORATION**                    **PLAINTIFF**

**V.**                                      **CAUSE NO. 1:16-CV-00070-SA-DAS**

**LAURA LEDBETTER**                                    **DEFENDANT**

## MOTION TO COMPEL ARBITRATION

COMES NOW Credit Acceptance Corporation ("Credit Acceptance"), and files its Motion to Compel Arbitration against Defendant Laura Ledbetter ("Defendant"), and in support thereof would show unto the Court the following, to-wit:

1.     Defendant purchased a used 2009 Chevrolet Impala automobile from Global Auto Sales & Brokers, Inc. ("Global Auto") on September 8, 2015. As part of that transaction, Defendant executed a "Declaration Acknowledging Electronic Signature Process" form that provided, *inter alia,* she "consented to use electronic signatures to sign all documents necessary to process a retail installment transaction" and that she had "received a full executed copy of the retail installment contract." Based upon that form, Defendant affixed her electronic signature to the various documents including, the Retail Installment Contract, Credit Report Authorization Form, Credit Application, Corporate Disclosure Form, Consent and Authorization Form, GAP Acceptance of Coverage, and Guaranteed Asset Protection Addendum. Defendant's physical signature was affixed to the

Authorization for Electronic Recurring Payments and the Application for Certificate of Title.

2.    Under the terms of the Retail Installment Contract, she was required to make 45 monthly payments on the 8th day of each month in the amount of $293.28, beginning on October 8, 2015.   The Retail Installment Contract also included an Agreement to Arbitrate ("Arbitration Clause") that provided:

> A "Dispute" is any controversy or claim between You and Us arising out of or in any way related to this Contract, including, but not limited to, any default under this Contract, the collection of amounts due under this Contract, the purchase, sale, delivery, set-up, quality of the Vehicle, advertising for the Vehicle or its financing, or any product or service included in this Contract.  "Dispute" shall have the broadest meaning possible, and includes contract claims, and claims based on tort, violations of laws, statutes, ordinances or regulations or any other legal or equitable theories. . . .However, any dispute or argument that concerns the validity or enforceability of the Contract as a whole is for the arbitrator, not a court, to decide.

> If a Dispute arises, the complaining party shall give the other party a written Dispute Notice and a reasonable opportunity, not less than 30 days, to resolve the Dispute.  Any Dispute Notice to You will be sent in writing to the address on this Contract (or any updated address You subsequently provide to Us).  Any Dispute Notice to Us must be sent by mail to:  Credit Acceptance, Attn:  Corporate Legal, 25505 West Twelve Mile Road, Suite 3000, Southfield, Michigan 48034-8339 (or any updated address We subsequently provide to You).  Any Dispute Notice You send must give Your Account Number, telephone number and address.   Any Dispute Notice must explain the nature of the Dispute and the relief that is demanded.  The complaining party must reasonably cooperate in providing any information about the Dispute that the other party reasonably requests.

> Either You or we may require any Dispute to be arbitrated and may do so before or after a lawsuit has been started over the Dispute or with

respect to other Disputes or counterclaims brought later in the lawsuit. If You or We elect to arbitrate a Dispute, this Arbitration Clause applies. A Dispute shall be fully resolved by binding arbitration. Judgment on the arbitration award may be entered in any court with jurisdiction....

3.     After the purchase was consummated, Global Auto assigned the Retail Installment Contract to Credit Acceptance. The Certificate of Title that was subsequently issued by the Mississippi Department of Revenue reflected that Defendant was the "OWNER" of the vehicle and that Credit Acceptance was the "1ST LIENHOLDER."

4.     Thereafter, Defendant made four payments on the indebtedness evinced by the Retail Installment Contract. Those payments were made on October 8, 2015, November 18, 2015, December 10, 2015, and December 23, 2015. One of those payments was ultimately reversed for insufficient funds.

5.     After defaulting on her contractual obligations, Defendant filed suit against Global Auto and Credit Acceptance in the Circuit Court of Alcorn County, Civil Action No. CV16-156GA. She alleged that while she "purchased a vehicle" from Global Auto on September 8, 2015, she "did not sign" the Retail Installment Contract, "nor did she agree to any of the items listed therein." She demanded an unlimited and unspecified amount in actual and punitive damages and attorney's fees.

3

6.    The Arbitration Clause is a valid and enforceable agreement to arbitrate between Defendant and Credit Acceptance.  The claims asserted by Defendant in state court are within the scope of the Arbitration Clause. Defendant's arguments against the enforcement of the Arbitration Clause are also subject to arbitration.  Accordingly, Defendant should be compelled to arbitrate her claims against Credit Acceptance.  *See* 9 U.S.C. § 4.

7.    In support of this Motion, Credit Acceptance relies on its supporting Memorandum of Authorities, which is incorporated herein by reference, as well as the following Attachments:

Attachment A     Retail Installment Contract

Attachment B     Declaration

Attachment C     Complaint

WHEREFORE, PREMISES CONSIDERED, Credit Acceptance prays that Defendant be compelled to arbitrate any claims she intends to assert against Credit Acceptance.  Credit Acceptance further prays for general relief.

THIS 29th day of June, 2016.

Respectfully submitted,
**CREDIT ACCEPTANCE**
**CORPORATION**


By:  s/ Mark H. Tyson
OF COUNSEL

4

Mark H. Tyson (MSB #9893)
Stephen T. Masley (MSB #101870)
MCGLINCHEY STAFFORD, PLLC
200 South Lamar Street, Suite 1100 (Zip – 39201)
Post Office Drawer 22949
Jackson, Mississippi 39225-2949
Telephone: (769) 524-2300
Facsimile: (769) 524-2333
mtyson@mcglinchey.com
smasley@mcglinchey.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have mailed the foregoing via U.S. Mail, first class, postage prepaid, to the following:

Wilbur O. Colom
The Colom Law Firm, LLC
P. O. Box 866
Columbus, MS  39703-0866

THIS, the 29th day of June, 2016.


s/ Mark H. Tyson
OF COUNSEL


292652.2