IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CREDIT ACCEPTANCE CORPORATION                                    PLAINTIFF

VS.                                              CIVIL ACTION NO: 1:16CV70-DAS

LAURA LEDBETTER                                                  DEFENDANT

**ORDER**

This matter is before the court on plaintiff Credit Acceptance Corporation's motion [# 8] to compel arbitration. Having considered the motion, the court finds that it should be denied for the reasons that follow.

**I. BACKGROUND**

This action stems from a transaction between Laura Ledbetter and Global Auto Sales & Brokers, Inc. ("Global") on September 8th, 2015. On that date, Ledbetter purchased a 2009 Chevrolet Impala and allegedly entered into a retail installment contract for the purchase price of the vehicle with Global. Shortly after the purchase was consummated, Global assigned the retail installment contract to the plaintiff in this action, Credit Acceptance Corporation ("Credit Acceptance").

Under the terms of the contract, Ledbetter was required to make forty-five monthly payments in the amount of $293.28, beginning on October 8th, 2015. Ledbetter made four monthly payments on the vehicle; however, one of those payments was ultimately reversed for insufficient funds. Shortly after her fourth payment, Ledbetter defaulted and filed suit against Global and Credit Acceptance in the Circuit Court of Alcorn County, Mississippi. In her complaint, Ledbetter alleged, among other things, that: 1) Global misrepresented the quality,

1

mileage and condition of the Impala; 2) she did not sign the retail installment contract or agree to any of the terms listed therein; and 3) Global negligently, intentionally and/or maliciously created and imposed a credit liability upon her without her knowledge or consent.

In response to her state court action, Credit Acceptance initiated this suit pursuant to the Federal Arbitration Act on April 26th, 2016. Subsequently, Credit Acceptance filed the motion presently before the court, which seeks to enforce an arbitration provision within the retail installment contract. Although Ledbetter alleges never to have signed the retail installment contract, and her physical signature does not appear anywhere on the document, Credit Acceptance notes that her electronic signature appears in several places on the contract. Credit Acceptance also attached a document titled "Declaration Acknowledging Electronic Signature Process" to its motion. On this document, a wet signature bearing Ledbetter's name appears below the following language:

> By signing below, I, LAURA LEDBETTER…hereby state that:
>
> 1. I read, understood, and agreed to the eSign Consent form and consented to use electronic signatures to sign all documents necessary to process a retail installment transaction with the Seller named above.
>
> 2. I was given the opportunity to review a paper version of the retail installment contract I was being asked to sign prior to using electronic signatures to electronically sign the documents.
>
> 3. I was in physical control of the key board, mouse or other device to click a button, signature box, or initial box that applied my e-signature to the documents with the Intent to sign the documents as if I provided my handwritten signature on the documents.
>
> 4. I received a fully executed copy of the retail installment contract.

Doc. 8-2. In an affidavit attached to her answer, however, Ledbetter reiterates that she did not sign this document and states the signature is not genuine.

In her response to the motion to compel arbitration, Ledbetter does not address the substantive arguments made by Credit Acceptance. Rather, she attached a signed order from the Alcorn County Circuit Court dismissing her state court action *without prejudice*. In light of the dismissal, Ledbetter argues the motion to compel arbitration is now moot. However, because Ledbetter's state court action was dismissed without prejudice, Credit Acceptance argues that its motion is not moot. Because Ledbetter is free to refile the claims she has recently dismissed, Credit Acceptance argues that an Article III controversy persists.

## II. DISCUSSION

The central issue is whether the retail installment contract's arbitration clause applies to Ledbetter's claims. Crucial to this question is whether she did, in fact, sign the Declaration Acknowledging Electronic Signature Process form ("declaration form") and the retail installment contract. However, the court must first determine whether Credit Acceptance's motion to compel arbitration is now moot in light of Ledbetter voluntarily dismissing her state court action.

### A. Mootness

Mootness "is a jurisdictional issue because it implicates Article III's requirement for a live case or controversy." *United States v. Lares-Meraz*, 452 F.3d 352, 355 (5th Cir. 2006). "A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Id.* at 354-55 (internal quotation marks omitted). However, "[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Knox v. Service Employees Intern. Union, Local 1000*, 132 S. Ct. 2277, 2287 (2012), (citing *Ellis v. Railway Clerks*, 466 U.S. 435, 442 (1984)). Moreover, "[t]he voluntary cessation of challenged conduct does not ordinarily render a case moot because a dismissal for mootness would permit a resumption of the challenged conduct as soon as the

3

case is dismissed." *Id*. at 2287. Therefore, "[d]efendant-induced mootness is viewed with caution," *Fontenot v. McCraw*, 777 F.3d 741, 747 (5th Cir. 2015) (internal quotation marks omitted), and the defendant "bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to occur." *Friend of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.*, 528 U.S. 167, 190 (2000).

The challenged conduct in this case is Ledbetter's alleged violation of an agreement to arbitrate by filing suit in the Circuit Court of Alcorn County. Although that action has since been dismissed and no claims are currently pending against it, Credit Acceptance correctly points out that nothing bars Ledbetter from refiling her claims because the action was dismissed without prejudice. Furthermore, Credit Acceptance presumably filed the instant action for reasons other than merely seeking protection from future state court proceedings. Ledbetter is allegedly in arrears with her car payments to Credit Acceptance. Therefore, the court finds that an Article III controversy has survived Ledbetter's voluntary dismissal.

### B. Arbitration Clause

The court must now determine whether it should enforce the arbitration provision in the retail installment contract. In deciding whether a motion to compel arbitration should be granted, courts are first required to determine whether the parties agreed to arbitrate the dispute in question. *American Heritage Life Ins. Co. v. Lang*, 321 F.3d 533, 537 (5th Cir. 2003). This determination involves two considerations: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Id*. These determinations are made according to state contract law. *Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004). Notwithstanding the strong federal policy favoring arbitration, "this federal policy favoring arbitration does not apply to the

4

determination of whether there is a valid agreement to arbitrate between the parties…" *Fleetwood Enters. Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002).

Although not raised in Ledbetter's response, which focused solely on the issue of mootness, other filings call into question whether the parties agreed to arbitrate the disputes in question. As proof of the agreement, Credit Acceptance attached a Declaration Acknowledging Electronic Signature Process form. The declaration form bears a wet signature in Ledbetter's name. Credit Acceptance also attached a retail installment contract that Ledbetter purportedly signed electronically, which contains the arbitration provision. However, in an affidavit attached to her answer, Ledbetter claims she did not sign either document. She also specifically states that the wet signature on the declaration form is not her signature. In support of this contention, Ledbetter attached a document with her real signature—an Application for Certificate of Title—to prove the signature on the declaration form is not genuine.

Credit Acceptance, however, argues that Ledbetter's claims regarding the authenticity of the signatures relate to the validity of the underlying transaction as a whole, rather than to the arbitration provision specifically. Therefore, pursuant to the Supreme Court's holding in *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967), it contends the arbitrability of her claims and defenses must be resolved through arbitration. However, Credit Acceptance's reliance on *Prima Paint* is misplaced because the parties in that case did not challenge the existence of an agreement. Rather, the party opposing arbitration was seeking to void an existing agreement, and incidentally, the arbitration provision therein, on the grounds of fraudulent inducement. *Id.* at 404.

Where, as in the present case, "the very existence of an agreement is challenged, ordering arbitration could result in an arbitrator deciding that no agreement was ever formed. Such an

5

outcome would be a statement that the arbitrator *never* had any authority to decide the issue."
*Will-Drill Resources, Inc. v. Samson Resources Co.*, 352 F.3d 211, 219 (5th Cir. 2003) (emphasis in original). Therefore, the court rejects Credit Acceptance's argument that an arbitrator should decide the authenticity of the signatures on the declaration form and the retail installment contract. *See Jolley v. Welch*, 904 F.3d 988, 993-94 (5th Cir. 1990) (rejecting the argument that a forgery should have been presented to an arbitrator). Accordingly, the court finds that Ledbetter has met the threshold burden of establishing that the agreement to arbitrate is in issue: (1) she unequivocally denied signing the document containing the arbitration provision, (2) produced an affidavit providing as much, and (3) provided evidence of her genuine signature to prove the signature on the declaration form was not her own. *See Chester v. DirecTV, L.L.C.*, 607 Fed. App'x 362, 364-65 (5th Cir. 2015) (upholding district court's determination to summarily proceed to trial where plaintiff unequivocally denied signing arbitration agreement and produced his affidavit providing as such); *see also Prevost v. Burns Int'l Sec. Servs. Corp.*, 126 F. Supp. 2d 439, 441-42 (S.D. Tex. 2000) (finding sufficient factual issue under 9 U.S.C. § 4 where there was a combination of plaintiff's sworn affidavit and evidence of two distinct signature types).

### III. CONCLUSION

The Federal Arbitration Act directs that "[i]f the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. If no jury trial be demanded by the party alleged to be in default, …the court shall hear and determine such issue. 9 U.S.C. § 4. Where a jury trial has not been demanded, a district court may satisfy its duty under § 4 by holding an evidentiary hearing. *See Chester*, 607 Fed. App'x at 365. As discussed above, the very existence of an agreement has been placed in issue by Ledbetter's claim that she did not sign the retail installment contract or declaration form.

6

Because neither party has specifically requested a jury trial under 9 U.S.C. § 4, the court finds that an evidentiary hearing shall be conducted to determine the validity of signatures on the retail installment contract and declaration form.

IT IS, THEREFORE, ORDERED that Credit Acceptance Corporation's motion to compel arbitration is denied without prejudice to renew following an evidentiary hearing on whether Ledbetter signed the retail installment contract or Declaration Acknowledging Electronic Signature Process form. The evidentiary hearing will be set by a separate notice.

SO ORDERED this, the 7th day of September, 2016.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE